UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH M. SUTTON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF WASHINGTON,<br><br>    Respondent. | Case No. C08-5358RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **September 19, 2008** |

Petitioner is a Washington State prisoner currently incarcerated in Florence, Arizona. Petitioner seeks habeas relief under 28 U.S.C. § 2254 challenging his 2003 Pierce County conviction and sentence for first degree burglary and second degree assault. After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as a second or successive petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, which was signed into law on April 24, 1996, section 2244(b)(3)(A) of the Act, states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In answer to the Petition, Respondent argues the Court lacks jurisdiction over this matter because this is Petitioner's second federal petition for writ of habeas corpus, filed without the requisite permission from the Ninth Circuit. The undersigned agrees.

REPORT AND RECOMMENDATION
Page - 1

In 2007, Sutton filed his first federal habeas corpus petition challenging his custody under the state court judgment and sentence. Exhibit 2, Petition, Sutton v. Gay, United States District Court Cause No. C07-5148RBL/KLS. The Court dismissed the petition with prejudice. Exhibit 3, Report and Recommendation (Docket # 19), Sutton v. Gay, United States District Court Cause No. C07-5148RBL/KLS; Exhibit 4, Order, Sutton v. Gay, United States District Court Cause No. C07-5148RBl/KLS; Exhibit 5, Judgment, Sutton v. Gay, United States District Court Cause No. C07-5148RBL/KLS. Petitioner's appeal from the denial of the first petition remains pending before the Ninth Circuit.

Petitioner has now filed a second habeas corpus petition challenging his custody under the state court judgment and sentence. Petitioner admits the current petition is his second habeas corpus petition, but he asserts the petition is proper because the claim in the petition is based upon the ruling in Blakely v. Washington, 542 U.S. 296 (2004). Petition, at 1. Because Petitioner has previously challenged his custody under the judgment and sentence, his current petition is a "second or successive" petition. Burton v. Stewart, 127 S. Ct. 793, 796-99 (2007). Petitioner must obtain permission from the Ninth Circuit before he may file the current petition. Id. Until Sutton obtains permission from the Ninth Circuit the Court lacks jurisdiction over the matter.

## CONCLUSION

Based on the foregoing, the Court should deny and dismiss the petition for writ of habeas corpus without prejudice to allow Plaintiff the opportunity to seek the requisite permission. Respondent's motion to dismiss the petition should be GRANTED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 19, 2008**, as noted in the caption.

DATED this 26th day of August, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge